UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Hannington Mutenga, | Case No. 2:26-cv-00422-CDS-DJA |
| Petitioner | **Order Granting in Part the Petitioner's Writ and Denying as Moot the Temporary Restraining Order** |
| v. | |
| Pamela Bondi, et al., | [ECF Nos. 8, 9] |
| Respondents | |

On February 17, 2026, petitioner Hannington Mutenga filed a petition for writ of habeas corpus. *See* Pet. for writ., ECF Nos. 1, 5. On March 12, 2026, Mutenga amended his petition. *See* First am. pet., ECF No. 8. Therein, Mutenga requests a writ ordering his immediate release, declaring that his continued prolonged detention violates his Fifth Amendment due process rights, and granting other related relief. *Id.* at 19. That same day, Mutenga filed a motion for a temporary restraining order (TRO). *See* Mot., ECF No. 9. The respondents[1] filed a response to the petition and motion. *See* Resp., ECF Nos. 11, 12, 13.[2] And Mutenga replied. *See* Reply, ECF No. 14. Because I find that Mutenga's removal is not reasonably foreseeable, I grant his writ on that basis.[3]

---

[1] The named respondents are Pamela Bondi, U.S. Attorney General; Kristi Noem, DHS Secretary; Todd Lyons, ICE Acting Director; Michael Bernacke, Field Office Director of the West Valley city ICE Office; John Mattos, NSDC Warden. Because Noem is no longer the DHS Secretary, the Clerk of Court is kindly directly to replace her name with Markwayne Mullin in the caption. Mullin will be the named defendant in place of Noem going forward. Likewise, because Bondi is no longer the Attorney General, the Clerk of Court is directed to replace her with Todd Blanche, Acting Attorney General.

[2] Respondent John Mattos separately filed a response, taking no position on the habeas or bond relief sought. *See* ECF No. 13 at 1.

[3] Because I grant in part Mutenga's writ of habeas corpus and Mutenga seeks identical relief in his TRO, I deny as moot the motion for a TRO.

## I.   Background[4]

Mutenga is a citizen of Uganda who entered the United States without inspection around December 31, 1979, at an unknown location. ECF No. 1 at 2; Warrant of removal, Resp'ts' Ex. A, ECF No. 11-1 at 2. Mutenga was issued a Notice to Appear on December 13, 2002, in Salt Lake City, Utah. ECF No. 11-1 at 6. An Immigration Judge (IJ) ordered Mutenga removed to Uganda on January 16, 2005. *Id.* The Board of Immigration (BIA) ruled on December 22, 2006, that the case be returned to the IJ to prepare a full decision, and the IJ then issued an order administratively returning the case to the BIA. *Id.*

On March 8, 2007, Mutenga was again ordered removed. ECF No. 8 at 4; EOIR automated case information, Pet'r's Ex. 1, ECF No. 8-2 at 2–3. Mutenga was in immigration detention for approximately eighty days and was then released on supervision. ECF No. 8 at 4. Mutenga appealed. *See* ECF No. 11-1 at 9–11.

On February 19, 2008, the BIA dismissed Mutenga's appeal, *id.*; ECF No. 8-2 at 3, so Mutenga's order of removal became final. ECF No. 11-1 at 9–11. In June 2025, Mutenga was arrested and jailed in Salt Lake City, Utah. ECF No. 8 at 4. Thereafter, on January 9, 2026, Mutenga was detained by ICE "in order to effectuate his final order of removal." ECF No. 11 at 2; ECF No. 8 at 4.

In his amended petition, Mutenga brings the following claims for relief: (1) his continued indefinite detention violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable; (2) his continued detention violates the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6); (3) ICE's failure to comply with its own regulations concerning re-detention of individuals on orders of supervision violates his Fifth Amendment due process rights and the Administrative Procedure Act (APA); and (4) ICE's policy to remove noncitizens to a third country with no notice or opportunity violates his Fifth Amendment right to due

---

[4] Unless otherwise noted, the court only cites to Mutenga's amended petition (ECF No. 8) and the respondents' response (ECF No. 11) to provide context to this action, not to indicate a finding of fact.

process and constitutes arbitrary and capricious agency action, in violation of the APA. *See* ECF No. 8.

## II.    Legal standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    Discussion

As a threshold matter, I find that I have jurisdiction over this action because the petitioner is not challenging his removal proceedings before this court. Rather, he is challenging his on-going detention.

Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to the requirements of due process. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979). As relevant here, Mutenga argues that his continued detention is unlawful, and that he is unlikely

to be removed in the foreseeable future, so his detention violates his due process rights. *See* ECF No. 8 at 4.

The respondents assert that the petitioner is lawfully detained under 8 U.S.C. § 1231(a). ECF No. 11 at 9. They further assert that habeas relief is not warranted because the challenged detention is authorized by statute. *Id.* at 1. The respondents assert that the petitioner has not reached the 90-day removal period, and the petitioner had an obligation to leave the United States over the past 20 years, but has not done so, which led to his current detention. *Id.* at 10. In essence, the respondents argue that Mutenga has not met his burden. *Id.* In reply, Mutenga argues that his removal period began to run on February 19, 2008, and lapsed on May 19, 2008. ECF No. 14 at 3. In other words, his removal order became final almost twenty years ago. *Id.* at 9.

I find that the respondents' assertions are unpersuasive and that they have not provided this court with any information to assert that removal has become foreseeable. The respondents assert that the reason Mutenga was detained in January 2026 was to effectuate his 2008 final order of removal. ECF No. 11 at 2. Yet, it is now April 2026, and no evidence has been presented to show that efforts are being made to actually remove Mutenga.

The Supreme Court has explained that under § 1231(a):

> Once [a noncitizen] is ordered removed, DHS must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement.

*Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons. *Id.* at 528–29. But because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem," the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period **reasonably** necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 682 (emphasis added). When a removable noncitizen is detained beyond this reasonable time

and "removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* at 699. In other words, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. As time passes, the burden on the government increases accordingly. *See Sweid v. Cantu*, 2025 U.S. Dist. LEXIS 213969, at *10 (D. Ariz. Oct. 30, 2025).

Here, Mutenga's removal order became final in February 2008. At that time, he was detained for 80 days before he was released on an order of supervision. ECF No. 8 at 4. Now, he has been detained since January 9, 2026, so the mandatory 90-day period under 8 U.S.C. § 1231(a)(1)(A) has long passed. *See* ECF No. 11-1 at 9–11; ECF No. 8 at 2; ECF No. 14 at 3. The court must then determine if his continued detention is "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. Generally, six-months is presumptively reasonable. *Id.* Mutenga argues that the presumptive reasonable six-month period for detention commences at the beginning of the removal period, which would be almost 20 years ago. *See* ECF No. 14 at 9 (citing *Alvarez v. Mordant*, 2026 WL 672938, at *2 (M.D. Fla. Mar. 10, 2026)). But the court need not make a specific finding regarding when the period of presumptive reasonableness expired for Mutenga because he has been in actual immigration detention for a total of almost six months, and the respondents have not provided this court with supporting information or documents to show that removability would be reasonably foreseeable. *See* ECF Nos. 11, 12. In fact, the respondents failed to address whether Mutenga's removal is foreseeable or not. Instead, they erroneously contend that he has only been detained 76 days (omitting the prior 80 days he spent in detention), and summarily contend that the petition should be denied.

Consequently, the respondents have not supported their position as to why mandatory detention beyond 90-day period is reasonably necessary and I further find that the petitioner's removal is not reasonably foreseeable. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) ("Given the unreasonable length of [the petitioner's] detention, the unforeseeability of his

removal, and the failure of the government to rebut his showing that there is no significant likelihood of removal in the reasonably foreseeable future, the government's continued detention violates federal law, as construed by the Supreme Court."). As a result, Mutenga has met his burden in showing that his due process rights have been violated by remaining in prolonged detention. To hold him in detention indefinitely is a violation of his due process rights. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (explaining that when a court considers a due process claim, it may tailor relief to the specific problem that gives rise to the due process violation). Accordingly, I grant Mutenga's petition as to claims one and two and provide further instructions below.[5]

**IV.     Conclusion**

IT IS HEREBY ORDERED that the petitioner's first amended petition for writ of habeas corpus **[ECF No. 8] is GRANTED in part as set forth in this order.**

IT IS FURTHER ORDERED that the petitioner's motion for preliminary injunction **[ECF No. 9] is DENIED as moot**.

IT IS FURTHER ORDERED that the respondents are ordered to release Mutenga within twenty-four hours, by 5:00 p.m., on April 10, 2026. The petitioner must be released from custody and placed on the same order of supervision to which he was previously subjected.

IT IS FURTHER ORDERED that the parties must file a joint status report no later than April 17, 2026, advising of the status of compliance with this order, and whether this matter should remain open or be closed.

---

[5] Because I grant relief under the § 2241 petition for the reasons set forth above, I decline to address other claims on the merits and deny without prejudice all the other requested relief in the petition.

The Clerk of Court is kindly directed to (1) substitute Kristi Noem with Markwayne Mullin; (2) substitute Pamela Bondi with Todd Blanche; and (3) correct the docket to reflect the petitioner's true name, Hannington Mutenga.

Dated: April 9, 2026

_____
Cristina D. Silva
United States District Judge